# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MICHAEL J. HOUSTON,  )
                     )
    Petitioner,  )
                     )
v.                   )    No. 4:13CV1242 AGF
                     )
STATE OF MISSOURI,   )
                     )
    Respondent.  )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner, a pretrial detainee at St. Louis City Justice Center, has filed his petition, alleging that: (1) DNA evidence was improperly gathered and introduced in his current state criminal proceedings; (2) as a result of improperly gathered DNA evidence and purportedly false "eyewitness testimony" he is being improperly held on detainer past his completed sentence; and (3) he believes the charges on which he is being held should have been dropped based on the victim's identification of a different person as the alleged perpetrator. In conclusion, petitioner believes that his state motion to compel production of discovery and DNA witnesses, filed in March of 2013, has not been given "the day in Court he believes it deserves" because the May hearing date was continued and his attorney failed to appear in a timely manner for the June

hearing date. Petitioner states that his motion is now set for a hearing in August of 2013. As such, petitioner asserts in a conclusory manner that he is entitled to "discovery and speedy trial."

After reviewing petitioner's motion and the accompanying exhibits, the petition will be summarily denied.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial or that he has been

put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised with his appointed counsel, at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 8th day of July, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE
