# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOUSTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1242 AGF |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for reconsideration of the dismissal of his application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241.  After reviewing petitioner's motion in its entirety, the motion will be denied.

Petitioner, a pretrial detainee at St. Louis City Justice Center, filed his petition for habeas corpus alleging that: (1) DNA evidence was improperly gathered and introduced in his current state criminal proceedings; (2) as a result of improperly gathered DNA evidence and purportedly false "eyewitness testimony" he is being improperly held on detainer past his completed sentence.  In essence, in his application for writ he asserted that his appointed counsel was ineffective because his hearing dates on his motion to compel production of discovery and DNA witnesses, filed in March of 2013, had been continued until August. As such, petitioner asserted in a

conclusory manner that he was being denied "discovery and speedy trial" in his state criminal proceedings.

After reviewing petitioner's motion and the accompanying exhibits, the petition was summarily denied and dismissed, without prejudice. The Court found that petitioner's claims could be raised at trial and in his subsequent state proceedings and did not contain the "special circumstances" required for a finding that he had exhausted his state remedies with respect to his speedy trial rights. See Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984).[1] Morever, the Court found that "the question of

---

[1] To the extent petitioner was asserting a denial of his rights under the Sixth Amendment of the United States Constitution, he had to have exhausted his state remedies prior to pursuing his claims in this Court unless "special circumstances" existed to divest him of this burden. See, e.g., Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D. Wis. 1999) (" '[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions' "), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis.1999); Tran v. Bartow, 210 Fed.Appx. 538, 540 (7th Cir.2006) (unpublished opinion) ("[o]nly in 'special circumstances' will relief under § 2241 be available to a state prisoner before trial ... and even then only if the prisoner has exhausted available remedies in the state courts"); Powell v. Saddler, No. 12 C 2928 (N.D.Ill.2012), 2012 WL 3880198 at *3 ("to properly pursue a claim under § 2241 a [pretrial detainee] petitioner must have exhausted his state court remedies"). See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981). The Court reaffirms its prior finding that petitioner failed to allege

whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. Id. at 396.

In his motion for reconsideration, petitioner asserts that he has a conflict with his appointed counsel. He claims that he has asked his counsel not to waive his speedy trial rights but she insists she will need more time to prepare for his defense. Petitioner states that he has filed a pro se motion in his state criminal action seeking removal of his attorney from his case due to the conflicts that have arisen during her representation of him. He states that he believes counsel is interfering with his right to speedy trial under state law.[2]

---

any facts showing "special circumstances" that would assist him in evading the exhaustion requirement.

[2] Petitioner refers to "180-day rule" in his motion. The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial. Mo.Rev.Stat. § 545.780. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus. Of course, the Missouri Speedy Trial Act must be distinguished from the Uniform Detainer Law, Mo.Rev.Stat. § 217.460, which permits incarcerated persons to demand a trial on a pending charge and require dismissal of the charge if the defendant is not brought to trial on the charge within 180 days after a proper demand for trial is filed. Petitioner has not mentioned the Detainer Law in his brief and the Court will not address it here.

Unfortunately, this Court cannot involve itself in a conflict between petitioner and his appointed counsel. Although petitioner may believe that his appointed counsel is not following his directives with regard to his "speedy trial" rights, he has already brought the matter to the attention of the state trial court where it should properly be raised. Furthermore, when a defendant <u>or his counsel</u> is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. <u>State v. Adams</u>, 691 S.W.2d 432 (Mo.Ct.App.1985); <u>State v. Cannon</u>, 692 S.W.2d 357 (Mo.Ct.App.1985); <u>State v. Daly</u>, 731 S.W.2d 315 (Mo.Ct.App.1987); <u>State v. Clark</u>, 723 S.W.2d 17 (Mo.Ct.App.1986). As petitioner is aware, his own counsel has sought a continuance of his case to pursue discovery. Thus, it cannot be said that his speedy trial right has been breached.

As noted in the Court's prior Memorandum and Order, from Missouri Case.Net, it is apparent that petitioner's issues will be heard at the hearing scheduled for August 5, 2013 in front of the Honorable Bryan L. Hettenbach in the Circuit Court for the City of St. Louis. As a result, the Court will deny petitioner's motion for reconsideration of the dismissal of his petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the denial of his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24th day of July, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE